JUL-07-2005   15:35          CT CORPORATION SYSTEM                    2166212271      P.06/25

**SANDER D. FRIEDMAN, ESQUIRE**
2 Eves Drive
Suite 208
Marlton, New Jersey 08053
(856) 988-7777
         and
**DONALD M. DOHERTY, JR., ESQUIRE**
26 N. Jasper Ave.
P.O. Box 3194
Margate, NJ 08402
(609) 487-3758
**Attorneys for the Plaintiff and Prospective Classes**

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY

2005 JUN 28  P 3:47

FILED & RECEIVED

---

| | |
|---|---|
| Wendy Barrows, on behalf of herself and all others similarly situated, | NEW JERSEY SUPERIOR COURT |
| | CHANCERY DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| | DOCKET NO. Bur. C. 0000 93-05 |
| vs. | |
| | Civil Action |
| Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman, a Professional Corporation, and John J. Roman, Jr., Esq., and John Does 1-20, | |
| | |
| Defendants. | CLASS ACTION COMPLAINT |

---

1.   This action is brought by the Plaintiff on behalf of herself and all others similarly situated whose joinder in this action is impracticable because of the number of Plaintiffs and the size of their prospective claims.

### PARTIES and VENUE

2.   Plaintiff resides at 227 5th Avenue, Florence Township, Burlington County, New Jersey.

3.a.   Defendant Chase Manhattan Mortgage Corporation is a mortgage company, mortgage servicer or otherwise an entity that exercises dominion, control and management of mortgage transactions.  Upon information and belief this Defendant is the parent company or other related entity of Chase Home Financial, LLC.

b.   Defendant Chase Home Finance, LLC is a business entity that services, manages or otherwise provides mortgage management services for mortgage transactions.

1

c. Defendant Mortgage Electronic Registration Systems, Inc. is a mortgage servicer, account manager or otherwise provides mortgages or mortgage related services.

d. Defendant American Residential Mortgage, is a mortgage holder and/or mortgage servicing entity.

e. Defendant Hubschman & Roman, a Professional Corporation, is a law firm engaged in the practice of law in New Jersey.

f. Defendant John Roman, Jr., Esq. is attorney practicing with Defendant Hubschman & Roman.

g. John Does 1-20 are lawyers and law firms that file foreclosures for the Defendants and engaged in the conduct complained of herein.

## THE INTERPLAY OF THE DEFENDANTS WITH PLAINTIFF & THE CAUSES OF ACTION

4. Plaintiff gave a mortgage to Defendant American Residential Mortgage on her home.

5. Plaintiff's mortgage was invoiced and or serviced through Chase Home Finance, LLC.

6. Plaintiff fell behind on her payments in late 2004.

7. Plaintiff was notified that her loan was being sent to "foreclose proceedings" on March 2, 2005.

8. Plaintiff sought to re-instate her mortgage and was told the amount was $3,979.33 on March 18, 2005. Plaintiff notified Chase of her intention to reinstate.

9. On March 18, 2005, Defendants John Roman, Esq. and Hubschman & Roman filed a foreclosure against the Plaintiff.

10. On March 21, 2005, Defendants John Roman, Esq. and Hubschman & Roman sent plaintiff a letter that her reinstatement sum was now changed to $7,258.64. Plaintiff was directed to make payment to Chase Manhattan Mortgage Corporation. She was also directed to pay $75 to Defendant Hubschman & Roman for a total of $7,333.64.

11. The sums on the letter indicate that Plaintiff was being charged $2,500 for legal fees and costs, $75 charged separately for the filing of a Lis Pendens (which was not recorded until March 31, 2005), $75 for Escrow Shortages that had never previously been claimed, the letter asserted that Plaintiff had been in default for a time when Plaintiff was current and indicated that Chase had filed litigation against Plaintiff.

12. On March 29, 205 Plaintiff sent to Defendant Chase Home Finance a check in the amount of $3,979.33  The amount that was told to her that was due by Chase less than 2 weeks earlier.

2

JUL-07-2005  15:35        CT CORPORATION SYSTEM                    2166212271      P.08/25

13. Later that day (3/29/05), Plaintiff was served with a foreclosure complaint filed by Hubsman & Roman and John Roman, Esq.

14. On April 8, 2005 Plaintiff's payment was sent back by Chase Home Finance, LLC as insufficient to cure the default.

**PLAINTIFF CLASS "I" ALLEGATIONS**
As To Defendants:
Chase Manhattan Mortgage Corporation,
Chase Home Finance, LLC,
Mortgage Electronic Registration Systems, Inc.,
American Residential Mortgage,

15. The prospective Plaintiff Class I consists of current and former mortgagors in the State of New Jersey that have had Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., or American Residential Mortgage, file foreclosure proceedings (or had a nominee entity file on their behalf), against them and imposed charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules.

16. The prospective Plaintiff Class I Sub-class A are all mortgagors included in Class I who also were subject to foreclosure and said property subject to foreclosure was a residential property occupied or to be occupied by the debtor (a natural person) or a member of the debtor's immediate family, as that person's residence.

17. The members of the prospective class is so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members given the volume of mortgage lending and servicing activity engaged in by the Defendants. The exact number and identities of the class members are currently unknown to the individual Plaintiff and can only be ascertained from the books and records of the Defendants and/or appropriate discovery.

18. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members of the class.

19. Common questions of fact include, but may not be limited to:

    (a)    Do Defendants have policies in place to monitor, control or calculate the counsel fees and costs chargeable to debtors in New Jersey foreclosure actions?

3

    (b)    Do Defendants simply bill all of their counsel fees to Plaintiff class members as a condition of reinstatement?

20.    Common questions of law include, but may not be limited to:

    (a)    Does the Plaintiff Class have the right to an accounting of their mortgage reinstatement payments and a refund of any overages paid?

    (b)    Do Defendants violate New Jersey's Consumer Fraud Act, N.J.S.A. 56:-8-1 in charging excessive sums for mortgage reinstatements?

21.    Plaintiff's claims are typical of the claims of the class and Plaintiff has the same interest as all other members of the class - all have an identical interest in being protected under New Jersey's Consumer Fraud Act and having the excess charges that they have paid, if any, refunded or otherwise credited.

22.    Plaintiff will fairly and adequately represent and protect the interest of the class. Plaintiff is a mortgager of Defendant American Residential Mortgage, has had her loan serviced by Chase Home Financial, LLC, the allegedly illegal counsel fees imposed upon her arose from a foreclosure initiated against her by Mortgage Electronic Registration Systems, Inc. and has otherwise been directed to comply with conditions established by these Defendants. The reinstatement conditions directed payment be made to Chase.

23.    The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The Defendants acts upon or hold similar policies that affect all class members identically. The prosecution of separate actions by individual members of each class would create a risk of inconsistent or varying adjudications that could establish inconsistent standards of conduct, policies and/or procedures for the Defendants.

24.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members of the class with respect to each alleged violation are relatively small, the expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs inflicted. In addition, Defendants are international companies with substantial resources to confront small claims with significant financial and litigational leverage.

25.    The Plaintiff Class I is readily definable - debtors who have had impermissible charges imposed upon them as a condition of reinstating their loans held or managed or serviced by the Defendants.

26.    The Plaintiff Class I sub-class A is readily definable - all mortgagors included in Class I who also were subject to foreclosure and said property subject to foreclosure was a residential

property occupied or to be occupied by the debtor (a natural person) or a member of the debtor's immediate family, as that person's residence

27.    Plaintiff, and her counsel, will not have any difficulty in managing their respective roles in prosecuting this action as a class action.

## PLAINTIFF CLASS "II" ALLEGATIONS
### As To Defendants:
Hubschman & Roman, P.C.
John J. Roman, Jr., Esq.

28.    The above allegations are herein incorporated by reference.

29.    The prospective Plaintiff Class II consists of current and former mortgagors in the State of New Jersey that have had foreclosure proceedings filed against them by Hubschman & Roman and have had charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules.

30    The prospective Plaintiff Class II Sub-class A are all mortgagors included in Class II who also were subject to foreclosure and said property subject to foreclosure was a residential property occupied or to be occupied by the debtor (a natural person) or a member of the debtor's immediate family, as that person's residence. The prospective Plaintiff Class II Sub-class B are all mortgagors included in Class II who also were subject to foreclosure on a mortgage incurred for personal, family or household purposes.

31.    The members of the prospective class is so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members given the volume of foreclosure work these Defendants profess to engage. The exact number and identities of the class members are currently unknown to the individual Plaintiff and can only be ascertained from the books and records of the Defendants and/or appropriate discovery.

32.    Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members of the class.

33.    Common questions of fact include, but may not be limited to:

    (a)    Do Defendants have policies in place to monitor, control or calculate the counsel fees and costs chargeable to debtors in New Jersey foreclosure actions?

    (b)    Do Defendants simply bill all of their counsel fees to Plaintiff class members as a condition of reinstatement?

34.    Common questions of law include, but may not be limited to:

5

(a)   Does the Plaintiff Class have the right to an accounting of their mortgage reinstatement payments and a refund of any overages paid?

(b)   Do Defendants violate New Jersey's Consumer Fraud Act, N.J.S.A. 56:-8-1 in passing on demands for excessive sums for mortgage reinstatements?

(c)   Do Defendants violate the Truth In Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 et.seq. for sending letters to collect legal fee and cost in excess of those permitted by Court Rules?

(d)   Do Defendants violate the Fair Debt Collection Practices Act, 15 USCA 1692, et. seq., by collecting sums which are not legally permitted by Court Rules?

35.   Plaintiff's claims are typical of the claims of the class and Plaintiff has the same interest as all other members of the class - all have an identical interest in being protected under New Jersey's Consumer Fraud Act, Truth In Consumer Contract Notice & Warranty Act and the Fair Debt Collection Practices Act and having the excess charges that they have paid, if any, refunded or otherwise credited.

36.   Plaintiff will fairly and adequately represent and protect the interest of the class. Plaintiff is a mortgager against whom the Defendants filed a foreclosure proceeding and sought excessive legal fees and costs.

37.   The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The Defendants acts upon or hold similar policies that affect all class members identically. The prosecution of separate actions by individual members of each class would create a risk of inconsistent or varying adjudications that could establish inconsistent standards of conduct, policies and/or procedures for the Defendants.

38.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members of the class with respect to each alleged violation are relatively small, the expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs inflicted.

39.   The Plaintiff Class I is readily definable - mortgagors who have had impermissible charges imposed upon them as a condition of reinstating their loans held or managed or serviced by the Defendants.

40.   The prospective Plaintiff Class II Sub-class A is readily definable - mortgagors included in Class II who also were subject to foreclosure and said property subject to foreclosure was a residential property occupied or to be occupied by the debtor (a natural person) or a member of

the debtor's immediate family, as that person's residence

41. The prospective Plaintiff Class II Sub-class B is readily definable - mortgagors included in Class II who also were subject to foreclosure on a mortgage incurred for personal, family or household purposes.

42. Neither Plaintiff, nor her counsel, will not have any difficulty in managing their respective roles in prosecuting this action as a class action.

## PLAINTIFF CLASS "III" ALLEGATIONS
### As To Defendants:
Chase Manhattan Mortgage Corporation,
Chase Home Finance, LLC,
Mortgage Electronic Registration Systems, Inc.,
American Residential Mortgage, Hubschman & Roman, P.C.
John J. Roman, Jr., Esq.
John Does 1- 20,

43. The above allegations are herein incorporated by reference.

44. The prospective Plaintiff Class III consists of current and former mortgagors in the State of New Jersey that have had Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., or American Residential Mortgage, file foreclosure proceedings against them and imposed charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules who had a foreclosure proceedings filed against them by Hubschman & Roman and/or John Does lawyers and law firms 1-20 have had charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules.

45. The members of the prospective class is so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members given the volume of foreclosure work these Defendants profess to engage. The exact number and identities of the class members are currently unknown to the individual Plaintiff and can only be ascertained from the books and records of the Defendants and/or appropriate discovery.

46. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members of the class.

47. Common questions of fact include, but may not be limited to:

   (a)   Do Defendants act in a concert of activity and/or a pattern of racketeering activity for an illegal purpose?

7

48.    Common questions of law include, but may not be limited to:

    (a)    Do Defendants violate N.J.S.A. 2C-7(h) in conducting a deceptive business practice?

    (b)    Do Defendants violate N.J.S.A. 2C:21-4(b)(1) by issuing false financial statements with the purpose to deceive or injure or conceal any wrongdoing?

    (c)    Do Defendants violate N.J.S.A. 2C:21-19(a)(2) by committing wrongful credit practices when they took or agreed to take, or received money or other interest on the forbearance of any money or other interest in excess of the maximum rate permitted by law?

    (d)    Do Defendants violate 18 USCA 1341 by devising or intended to devise a scheme for obtaining money or property by means of false or fraudulent pretenses, representations or promises for the purpose of executing such scheme or artifice or attempting so to do, by placing in any post office or authorized depository for mail matter, the letters demanding excessive sums, letters rejecting payments without excessive funds, court filings demanding excessive sums then those allowed by law sent or delivered by the Postal Service, or delivered by any private or commercial interstate carrier?

    (e)    Do Defendants violate 18 USCA 1343 by devising or intended to devise a scheme or artifice to defraud and/or for obtaining money or property by means of false or fraudulent pretenses, representations or promises by transmitting or causing the transmitting by means of wire any sounds for the purpose of executing the scheme or artifice of demanding excessive sums than that which are allowed by law?

    (f)    Do Defendants violate 18 USCA 1951 by obstructing, delaying or affecting commerce or the movement of articles or commodity in commerce by extortion (obtaining property from the plaintiff, with consent under color of official right) or attempts to do so by demanding and/or obtaining excessive sums than those allowed by law.

49.    Plaintiff's claims are typical of the claims of the class and Plaintiff has the same interest as all other members of the class - all have an identical interest in being protected under New Jersey's Civil Offenses Involving Organized Crime and Organized Crime Activities (Racketeering) N.J.S.A 2C:41

50.    Plaintiff will fairly and adequately represent and protect the interest of the class. Plaintiff is a mortgager against whom the Defendants filed a foreclosure proceeding and sought in concert excessive legal fees and costs.

51.    The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The Defendants acts upon or hold similar policies that

8

affect all class members identically.  The prosecution of separate actions by individual members of each class would create a risk of inconsistent or varying adjudications that could establish inconsistent standards of conduct, policies and/or procedures for the Defendants.

52.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual class members of the class with respect to each alleged violation are relatively small, the expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs inflicted.

53.   The Plaintiff Class III is readily definable - mortgagors in the State of New Jersey that have had Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., or American Residential Mortgage, file foreclosure proceedings against them and imposed charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules who had a foreclosure proceedings filed against them by Hubschman & Roman and have had charges for legal fees and costs in excess of that which is permitted by New Jersey law and/or Court Rules.

54.   Plaintiff, and her counsel, will not have any difficulty in managing their respective roles in prosecuting this action as a class action.

## COUNT I - ACCOUNTING & REFUND
### as to PLAINTIFF CLASS I

55.   The above allegations are incorporated by reference.

56.   The Defendants hold and/or service mortgages as part of their business operations.

57.   As may be expected in the business of holding or servicing mortgages, Defendants experience loan defaults and cause foreclosure actions to be filed.

58.   New Jersey, by Court Rule, specifically addresses the sums which may be collected for legal fees and costs once a foreclosure action is filed.

59.   Defendants collect and/or cause to be collected and/or benefit from the collection of and/or aid in the collection of legal fees and costs in excess of that permitted by New Jersey law.

60.   Plaintiff Class I has had sums collected from them in excess of that which would be permitted by law.

*WHEREFORE*, Plaintiff Class I requests judgement be entered against the Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage as follows:

9

A.   Directing the Defendants to account for all sums collected to reinstate the mortgages of Plaintiff Class I, as measured against the loan sum due, the amount in default and the actual costs incurred;

B.   Directing Defendants to refund all sums in excess of that which would have been permitted under Court Rules;

C.   Awarding counsel fees and costs of suit;

D.   Awarding other such relief as may be fair and equitable.

## COUNT II CONSUMER FRAUD, NJSA 56:8-1, et.seq. as to PLAINTIFF CLASS I

61.   The above allegations are herein incorporated by reference.

62.   By collecting, and/or aiding in the collecting of, legal fees and costs in excess of the sums permitted by law, Defendants have engaged in unfair business practices, unconscionable business practices and/or conduct otherwise in violation of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, et.seq.

63.   Plaintiff Class I has been damaged by having been compelled to pays in excess of their legal obligation to retain their property and avoid Sheriff's Sale, and/or had to retain counsel to challenge clearly inaccurate and otherwise illegal impositions and charges, and/or incur additionally late fees and charges while the improper fees and charges are challenged.

*WHEREFORE*, Plaintiff Class I hereby requests judgement be entered:

A.   Awarding actual damages;

B.   Awarding punitive damages;

C.   Trebling such damages as may be awarded;

D.   Awarding counsel fees and costs pursuant to NJSA 56:8-19;

E.   Awarding other such relief as may be fair and equitable.

## COUNT III - TRUTH IN CONSUMER CONTRACT, NOTICE & WARRANTY ACT, NJSA 56:12-14, et.seq. as to PLAINTIFF CLASS I

64.   The above allegations are herein incorporated by reference.

65.   During the course of a repayment request by a debtor, Defendants offer to debtors the terms of repayment in correspondence.

66.   This correspondence constitutes a written consumer contract and/or a notice under N.J.S.A.

56:12-15.

67.  In these contracts/notice Defendants demand collection of sums in excess of that which is permitted under Court Rules.

68.  These charges violate the clearly established right of the consumer to pay legal sums long established under New Jersey law.

69.  These charges violate clear obligations that lenders have to impose only those charges as permitted under Court Rule.

*WHEREFORE,* Plaintiff Class I hereby requests judgement be entered:

A.  Awarding actual damages;

B.  Awarding punitive damages;

C.  Awarding $100 damages per class member as per NJSA 56:12-17;

D.  Awarding counsel fees and costs pursuant to NJSA 56:12-17;

E.  Awarding other such relief as may be fair and equitable.

## COUNT IV - BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING, as to PLAINTIFF CLASS I

70.  The above allegations are herein incorporated by reference.

71.  Plaintiff Class I had a contract with Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage.

72.  Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage had a duty to insure that all sums collected as they pertain to the contract were legally due.

73.  Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage failed to insure the proper sums were collected and/or attempted to be collected.

*WHEREFORE,* Plaintiff Class I requests judgement be entered against the Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage as follows:

A.  Directing the Defendants to account for all sums collected to reinstate the mortgages of Plaintiff Class I, as measured against the loan sum due, the amount in default and the actual costs incurred;

B.   Directing Defendants to refund all sums in excess of that which would have been permitted under Court Rules;

C.   Awarding counsel fees and costs of suit;

D.   Awarding other such relief as may be fair and equitable.

### COUNT V - BREACH OF IMPLIED STATUTORY CAUSE OF ACTION UNDER THE FAIR FORECLOSURE ACT, N.J.S.A 2A:50-53 as to PLAINTIFF CLASS I SUB-CLASS A

74.   The above allegations are herein incorporated by reference.

75.   Plaintiff Class I has a sub-class A of injured parties consisting of those natural persons who have a "residential mortgage" as defined by or otherwise subject to the Fair Foreclosure Act which had gone into default and was subject to the charges for excessive counsel fee payments and/or cost.

76.   The Fair Foreclosure Act evidences a legislative policy for residential mortgage debtors to cure their defaults in return the defaulted residential mortgage loans to performing status.

77.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc. and American Residential Mortgage thwart this policy (and others) by imposing excessive counsel fees and cost upon the Plaintiff Class I sub-class A.

78.   Plaintiff Class I sub-class A has been damaged by violations of the Fair Foreclosure Act by having to pay excessive counsel fee payments and/or cost associated with the foreclosure and/or by incurring additional late fees and/or late charges during the course of disputing excessive fees and/or cost

*WHEREFORE*, Plaintiff Class I sub-class A hereby requests judgement be entered:

A.   Awarding actual damages;

B.   Awarding punitive damages;

C.   Awarding counsel fees and costs of suit;

D.   Awarding other such relief as may be fair and equitable.

### COUNT VI - FRAUD, as to PLAINTIFF CLASS II

79.   The above allegations are herein incorporated by reference.

80.  Defendants, Hubschman & Roman and John J. Roman, Esq. at all times relevant knowingly participated in defrauding plaintiff Class II when they charged excessive sums for attorney fee when not permitted to do so by law.

81.  Defendants, Hubschman & Roman and John J. Roman, Esq. at all times relevant knew that when they demanded and/or received excessive attorney fees that theses sums collected and/or demanded were improper.

WHEREFORE, Plaintiff Class II hereby requests judgement be entered:

A.  Awarding actual damages;

B.  Awarding punitive damages;

C.  Trebling such damages as may be awarded;

D.  For reasonable attorney's fees, filing fees, and cost of suit;

E.  Awarding other such relief as may be fair and equitable.

## COUNT VII - NEGLIGENT MISREPRESENTATION, as to PLAINTIFF CLASS II

82.  The above allegations are herein incorporated by reference.

83.  Plaintiff Class II was not represented by Defendants, Hubschman & Roman and/or John J. Roman, Esq. .

84.  Defendants were under a duty to treat Plaintiff Class II within the bounds of expecting Class II would reasonably rely on the representation these Defendants made to them.

85.  Defendants negligently misrepresented the proper sums collected and/or attempted to be collected.

WHEREFORE, Plaintiff Class II requests judgment be entered as follows:

A.  Directing the Defendants to account for all sums collected to reinstate the mortgages of Plaintiff Class II, as measured against the loan sum due, the amount in default and the actual costs incurred;

B.  Directing Defendants to refund all sums in excess of that which would have been permitted under Court Rules and other damages.

C.  Awarding counsel fees and costs of suit;

D.  Awarding other such relief as may be fair and equitable.

## COUNT VIII - ACCOUNTING & REFUNDS as to PLAINTIFF CLASS II

86.  The above allegations are herein incorporated by reference.

87. The Defendants file mortgage foreclosures as part of their law practice.

88. Defendants are experienced in foreclosure practice.

89. New Jersey, by Court Rule, specifically addresses the sums which may be collected for legal fees and costs once a foreclosure action is filed.

90. Defendants demand, collect and/or cause to be collected and/or benefit from the collection of and/or aid in the collection of legal fees and costs in excess of that permitted by New Jersey law.

**WHEREFORE**, Plaintiff Class II requests judgement be entered against the Defendants Hubschman & Roman and John J. Roman, Esq. as follows:

A. Directing the Defendants to account for all sums collected to reinstate the mortgages of Plaintiff Class II, as measured against the loan sum due, the amount in default and the actual costs incurred;

B. Directing Defendants to refund all sums in excess of that which would have been permitted under Court Rules;

C. Awarding counsel fees and costs of suit;

D. Awarding other such relief as may be fair and equitable.

## COUNT IX - CONSUMER FRAUD, NJSA 56:8-1, et.seq. as to PLAINTIFF CLASS II

91. The above allegations are herein incorporated by reference.

92. By collecting, and/or aiding in the collecting of, legal fees and costs in excess of the sums permitted by law, Defendants have engaged in unfair business practices, unconscionable business practices and/or conduct otherwise in violation of New Jersey's Consumer fraud Act, N.J.S.A. 56:8-1, et.seq.

93. Plaintiff Class II has been damaged by having been compelling to pays in excess of their legal obligation to retain their property and avoid Sheriff's Sale, incurred late fees unnecessarily by the delays and incurred counsel fees and costs to address these concerns.

**WHEREFORE**, Plaintiff Class II hereby requests judgement be entered:

A. Awarding actual damages;

B. Awarding punitive damages;

C. Trebling such damages as may be awarded;

D. Awarding counsel fees and costs pursuant to NJSA 56:8-19;

JUL-07-2005  15:41        CT CORPORATION SYSTEM                    2166212271    P.20/25

E.      Awarding other such relief as may be fair and equitable.


## COUNT X - TRUTH IN CONSUMER CONTRACT, NOTICE & WARRANTY ACT, NJSA 56:12-14, et seq, as to PLAINTIFF CLASS II

94.    The above allegations are herein incorporated by reference.

95.    During the course of a repayment request by a debtor, Defendants offer to debtors the terms of repayment in correspondence.

96.    This correspondence constitutes a written consumer contract and/or a notice under N.J.S.A. 56:12-15.

97.    In these contracts/notice Defendants demand collection of sums in excess of that which is permitted under Court Rules.

98.    These charges violate the clearly established right of the consumer to pay legal sums long established under New Jersey law.

99.    These charges violate clear obligations that counsel has to impose only those charges as permitted under Court Rules.

*WHEREFORE*, Plaintiff Class II hereby requests judgement be entered:

A.      Awarding actual damages;

B.      Awarding punitive damages;

C.      Awarding $100 damages per class member as per NJSA 56:12-17;

D.      Awarding counsel fees and costs pursuant to NJSA 56:12-17;

E.      Awarding other such relief as may be fair and equitable.


## COUNT XI - TORTUOUS INTERFERENCE WITH CONTRACT as to PLAINTIFF CLASS II

100.   The above allegations are herein incorporated by reference.

101.   Plaintiff Class II has contracts with the mortgage company defendants.

102.   Defendants Hubschman & Roman and John J. Roman, Esq. interfered with the contracts Plaintiff Class II had with the mortgage defendants.

103.   Defendants Hubschman & Roman and John J. Roman, Esq. are not parties to the contracts.

104.   Defendants Hubschman & Roman and John J. Roman, Esq. interfered with the contracts intentionally, maliciously and secure benefits that accrued to them in the c form higher fees and

15

payments.

105.   Plaintiff Class II has been damaged by having been compelled to pays in excess of their legal obligation to retain their property and avoid Sheriff's Sale, incurred late fees unnecessarily by the delays and incurred counsel fees and costs to address these concerns.

Wherefore Plaintiff Class II hereby requests damages as follows:

A.   Awarding actual, consequential and punitive damages,

B.   Awarding counsel fees and costs.

C.   Awarding other such relief as the court deems fair and equitable.

### COUNT XII- BREACH OF IMPLIED STATUTORY CAUSE OF ACTION UNDER THE FAIR FORECLOSURE ACT, N.J.S.A 2A:50-53 as to PLAINTIFF CLASS II, SUB-CLASS A

106.   The above allegations are herein incorporated by reference.

107.   Plaintiff Class II, has a sub-class A of injured parties consisting of those natural persons who have a "residential mortgage" as defined by or otherwise subject to the Fair Foreclosure Act which had gone into default and was subject to the charges for excessive counsel fee payments and/or cost.

108.   The Fair Foreclosure Act evidences a legislative policy for residential mortgage debtors to cure their defaults in return the defaulted residential mortgage loans to performing status.

109.   Defendants Hubschman & Roman and John J. Roman, thwart this policy (and others) by imposing excessive counsel fees and cost upon the Plaintiff Class II sub-class A.

110.   Plaintiff Class II sub-class A has been damaged by violations of the Fair Foreclosure Act by having to pay excessive counsel fee payments and/or cost associated with the foreclosure and/or by incurring additional late fees and/or late charges during the course of disputing excessive fees and/or cost.

WHEREFORE, Plaintiff Class I sub-class A hereby requests judgement be entered:

A.   Awarding actual damages;

B.   Awarding punitive damages;

C.   Awarding counsel fees and costs of suit;

D.   Awarding other such relief as may be fair and equitable.

JUL-07-2005  15:42          CT CORPORATION SYSTEM                    2156212271    P.22/25

## COUNT XIII- FAIR DEBT COLLECTION PRACTICES ACT,
## 15 USCA 1692, et. seq.
## as to PLAINTIFF CLASS II, Subclass B

111.    The above allegations are herein incorporated by reference.

112.    Defendants demand/solicit payment of debts of written correspondence with debtors on behalf
of third-parties.

113.    Defendants do not own the debts in which they are collecting.  Defendants are debt collectors.

114.    In these communications with debtors, Defendants demand collection of sums in excess of that
which is legally permitted.

115.    Defendants are or should be aware that the counsel fees and cost they seek to impose on behalf
of the lenders are not permitted.

116.    Defendants communicate with debtors based upon written correspondence that does not
include the required "mini-Miranda" warning that the letter is an attempt to collect a debt and
the debtor's other rights under the Fair Debt Collection Practices Act.

*WHEREFORE*, Plaintiff Class II, subclass B hereby requests judgement be entered:

A.    Awarding actual and/or statutory damages;

B.    Awarding punitive damages;

C.    Awarding other such relief as may be fair and equitable.

## COUNT XIV - CIVIL OFFENSES INVOLVING ORGANIZED CRIME AND
## ORGANIZED CRIME ACTIVITIES (RACKETEERING) N.J.S.A 2C:41
## as to PLAINTIFF CLASS III

117    The above allegations are herein incorporated by reference.

118    Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage
Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman
and John J. Roman, Esq. and/or John Does 1-20, acted in concert of activity and/or a pattern of
racketeering activity for an illegal purpose.

119    Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage
Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman
and John J. Roman, Esq. and/or John Does 1-20 conducted a deceptive business practice when
in the course of their business they made a false or misleading written statement for the purpose
of obtaining property or credit. (N.J.S.A. 2C-7(h))

120.    Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage

Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, issued a false financial statement when with the purpose to deceive or injure or conceal any wrongdoing by knowingly makes or utters a written instrument which purports to discribe the plaintiff's financial condition which is inaccurate in some substantial respect. (N.J.S.A. 2C:21-4(b)(1))

121.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, committed wrongful credit practices and related offenses when they took or agreed to take, or received any money or other interest on the loan or on the forbearance of any money or other interest in excess of the maximum rate permitted by law. (2C:21-19(a)(2))

122.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, have devised or intended to devise a scheme for obtaining money or property by means of false or fraudulent pretenses, representations or promises for the purpose of executing such scheme or artifice or attempting so to do, by placing in any post office or authorized depository for mail matter, the letters demanding excessive sums, letters rejecting payments without excessive funds, court filings demanding excessive sums then those allowed by law sent or delivered by the Postal Service, or delivered by any private or commercial interstate carrier. (18 USCA 1341)

123.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, have devised or intended to devise a scheme or artifice to defraud and/or for obtaining money or property by means of false or fraudulent pretenses, representations or promises by transmitting or causing the transmitting by means of wire any sounds for the purpose of executing the scheme or artifice of demanding excessive sums than that which are allowed by law. (18 USCA 1343)

124.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, have obstructed, delayed or affected commerce or the movement of articles or commodity in commerce by extortion (obtaining property from the plaintiff, with consent under color of official right) or attempts to do so by demanding and/or obtaining excessive sums than those allowed by law. (18 USCA 1951)

18

125.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. actions as stated above were constituted multiple times and included two or more of the individual defendants

126.   Defendants Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC,  Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hubschman & Roman and John J. Roman, Esq. and/or John Does 1-20, are liable and/or legally accountable for the conduct of each other in that they have promoted or facilitated the commission of the above offenses and/or solicited other defendants to commit the above offenses and/or had a legal duty to prevent the commission of the above offenses.

*WHEREFORE*, Plaintiff Class III hereby requests judgement be entered:

A.   Imposing reasonable restrictions on the future activities of the defendants, including but not limited to prohibiting the defendants from engaging in the same type of endevor;

B.   Ordering the dissolution or reorganization of any enterprise defendant;

C.   Order the denial, suspension or revocation of the charter of any corporation defendant organized under the laws of the State of New Jersey and to deny, suspend or revoke the license of any foreign corporation authorized to do business in the State of New Jersey;

D.   Ordering the denial, suspension or revocation of the license or permit granted to any enterprise defendant by any department or agency of the State of New Jersey;

E.   Enter a cease and desist order which specifies that the specific acts or conduct of the defendants be discontinued, altered or implemented by any person;

F.   Ordering the restitution of moneys or property unlawfully obtained or retained by the defendants;

G.   Assessing civil monetary penalties against the defendants to deter future violations;

H.   Ordering threefold damages sustained by the plaintiff, cost of suit, including reasonable attorney's fee, cost of investigation and litigation;

I.   Awarding other such relief as may be fair and equitable.

## COUNT XV - INJUNCTION

127.   The above allegations are herein incorporated by reference.

128.   All Defendants, engage in and/or benefit from, charging all alleged Plaintiff Class members sums in excess of that permitted by Court Rules, statutes and public policy.

129.   This Court is authorized to establish and implement all procedures over Defendants and

foreclosure processing authorities and forums to prevent such activities from occurring.

Wherefore Plaintiff Classes request judgment:

A.    Mandating complete accountings and refunds for all Plaintiff Class Members;

B.    Enjoining Defendants from charging sums in excess of those established by this Court;

C.    Compelling Defendants to file motions or petitions regarding redemption calculations, at Defendants sole expense, for all future matters involving these Defendants.

D.    Ordering other such relief to facilitate complete remedy to the classes and inhibit similar conduct from re-occurrence.

_____                    _____
SANDER D. FRIEDMAN, ESQ.                        DONALD M. DOHERTY, JR., ESQ.
Attorney for Plaintiff                          Attorney for Plaintiff

Dated: June 26, 2005

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other pending action or arbitration proceeding except a currently filed foreclosure against Plaintiff by Defendants American Residential Mortgage and Mortgage Electronic Systems, Inc. under docket number F-4845-05 and the undersigned does not know of the names of any other parties who should be joined in the action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Donald M. Doherty, Jr., Esquire and Sander D. Friedman Esquire are hereby designated as trial counsel on behalf of the plaintiff.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATE OF NOTICE

Pursuant to N.J.S.A. Section 56:8-20, plaintiff is mailing a copy of this Complaint to the Office of the Attorney General, P.O. Box 080, Trenton, New Jersey on _____, 2005.

_____                    _____
SANDER D. FRIEDMAN, ESQ.                        DONALD M. DOHERTY, JR., ESQ.
Attorney for Plaintiff                          Attorney for Plaintiff

JUL-07-2005  15:34        CT CORPORATION SYSTEM                    2156212271      P.05/25

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| PAYMENT TYPE:  CK    CG    CA |
|---|
| CHG/CK NO: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Sander Friedman/Donald Doherty, Jr. | ( 856 ) 988-7777 | Burlington |
| FIRM NAME (if applicable) | | DOCKET NUMBER (When available) |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| Eves Drive, Suite 20B, Marlton, New Jersey 08053 | | Class Action Complaint |
| | | JURY DEMAND    ☑ YES    ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Wendy Barrows, Plaintiff | Wendy Barrows, on behalf of herself and all others similarly situated, v. Chase Manhattan Mortgage Corporation, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., American Residential Mortgage, Hutscherman & Roman, PC and John J. Roman, Jr. Esq |

| CASE TYPE NUMBER (See reverse side for listing)  508 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☑ NO   IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|
| RELATED CASES PENDING?   ☑ YES  ☐ NO | IF YES, LIST DOCKET NUMBERS   F-4845-05 |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☑ YES  ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   ☐ NONE  ☑ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☑ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain) ___ |
|---|---|---|
| | | ☐ FAMILIAL    ☑ BUSINESS ___ |

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☑ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

*Class action in chancery for accounting*
*Numerous Subclasses*

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES  ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ___ |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ YES  ☑ NO | IF YES, FOR WHAT LANGUAGE: ___ |

ATTORNEY SIGNATURE:

Revised Effective 4/1/05